# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Kenneth L.,[1]

                Plaintiff,

v.

Frank Bisignano,
Acting Commissioner of Social Security,

                Defendant.

Case No. 25-cv-3713 (SGE)

**ORDER**

_____

This matter is before the Court and under its jurisdiction pursuant to 42 U.S.C. §405(g). On appeal, Plaintiff Kenneth L. seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to the disposition of the present case by the undersigned Magistrate Judge under 28 U.S.C. §636(c). Both Mr. L and the Commissioner have fully briefed their positions, and this matter is now ripe for review. [2] (Dkts. 13, 15.) For the

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by his name, only his first name and last initial are provided.

[2] Mr. L also filed a Motion for Summary Judgment. (Dkt. 12.) The Federal Supplemental Rules of Civil Procedure, however, no longer allow for a motion for summary judgment in an action seeking judicial review of a decision of the Commissioner of Social Security. *See* Fed. R. Civ. P. SS Rule 5. Accordingly, the Motion for Summary Judgment (Dkt. 12) will be stricken.

reasons below, the Court recommends denying Mr. L's request for relief and granting the Commissioner's request for relief.

## BACKGROUND

Mr. L applied for DIB under Title II of the Social Security Act on October 21, 2022, alleging a disability onset date of March 2, 2022. (Admin. R. at 10.) Mr. L's claims were initially denied on March 17, 2023, and upon reconsideration on October 12, 2023. (*Id.* at 10.) Mr. L then requested that an ALJ review the denials. (*Id.*) On April 4, 2024, the ALJ held an administrative hearing at which Mr. L, accompanied by counsel, and an independent vocational expert ("VE") testified. (*Id.* at 72.) The ALJ issued a decision on May 10, 2024, denying Mr. L's request for disability benefits. (*Id.* at 10-21.)

In reaching his decision, the ALJ followed the five-step sequential analysis process laid out in 20 C.F.R. §§ 404.1520(a), 416.920(a).[3] At step one the ALJ determined that Mr. L had not engaged in substantial gainful activity since March 2, 2022, the alleged disability onset date. (Admin. R. at 12.) At step two, the ALJ found that Mr. L had the following severe impairments: degenerative disc disease of the cervical spine; obesity;

---

[3] Step one of this process involves determining whether a claimant is engaged in substantial gainful activity. If not, the ALJ must next decide (in step two) whether the claimant's impairments are severe, and of a duration of at least 12 continuous months. At step three, the ALJ determines whether the claimant's impairments are severe enough to equal a listed impairment under appendix 1 to subpart P of part 404. If so, the claimant is considered disabled without further inquiry. If not, the ALJ must determine the claimant's RFC, and determine (at step four) whether the claimant can still do their past work given their limitations. Finally, if the ALJ concludes a claimant cannot perform their prior work, step five requires the ALJ to determine whether they can do other work considering their RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(i–v).

migraines; major depressive disorder; generalized anxiety disorder; executive function deficit; attention-deficit hyperactivity disorder (ADHD); borderline personality; and substance use in sustained remission. (*Id.*) At step three, the ALJ determined that Mr. L did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment under appendix 1 to subpart P of part 404. (*Id.* at 13-15.) The ALJ then made the following residual functional capacity ("RFC") determination:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with the following additional limitations: occasional changes in a routine work setting; occasionally interact with coworkers and supervisors; carry out simple instructions; never interact with the public; and work in no more than a moderate noise level as that term is defined in the regulations.

(*Id.* at 15.) After determining Mr. L's RFC, the ALJ found at step four that Mr. L was unable to perform any of his past relevant work as actually or generally performed. (*Id.* at 20.)

At step five, the ALJ found that other jobs existed in the national economy that Mr. L, given his age, education, work experience, and RFC, could perform. (*Id.* at 20-21.) Relying on the testimony from the VE, the ALJ found that Mr. L could perform the job requirements of "lab equipment cleaner of which 70,000 jobs exist in the nation, hand packager of which 130,000 jobs exist in the nation, and garment marker of which 35,000 jobs exist in the nation." (*Id.* at 21.) Because the ALJ determined that Mr. L could perform jobs that exist in significant numbers in the national economy, he concluded that he was not disabled. (*Id.*)

3

Mr. L sought review of the ALJ's decision by the Appeals Council, which was denied on April 15, 2025. (*Id.* at 1-7.)  Mr. L then filed this action challenging the ALJ's decision.  (Dkt. 1.)

## STANDARD OF REVIEW

Following a final decision from the Commissioner, the claimant may elect to seek judicial review of the determination.  42 U.S.C. § 405(g).  Under this review, the District Court is limited to a determination of "whether the ALJ's decision complies with the relevant legal standards and is supported by substantial evidence in the record as a whole." *Lucas v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)); 42 U.S.C. § 405(g).   "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012)).  The ALJ must build a logical bridge between the RFC and the evidence.  Social Security Ruling ("SSR") 96-8p.

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quoting *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th 2001)). Essentially, the ALJ's decision should not be disturbed just because the Court might have reached a different conclusion. *Kraus*, 988 F.3d at 1024.  The decision of the ALJ to deny benefits will not be reversed by the Court "so long as the ALJ's decision falls within the 'available

zone of choice.'" *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)).

## ANALYSIS

Mr. L contends that the case should be remanded for further proceedings based on several arguments. He first argues that the ALJ misidentified his past relevant work as "light" instead of a higher exertional level and failed to assess the transferability of his skills. (Dkt. 13, at 3-5.) He next argues that the ALJ's RFC was not based on substantial evidence (*id.* at 5-9) and, relatedly, that the ALJ should have developed the record by having a medical expert testify regarding his mental health diagnoses (*id.* at 13-14). He lastly argues that the ALJ erred by failing to pose appropriate hypothetical questions to the VE. (*Id.* at 9-12, 15.) In other words, Mr. L challenges the ALJ's determinations as to steps three, four, and five of the sequential analysis process. The Commissioner argues that the ALJ's decision should be affirmed because he properly evaluated the evidence in determining Mr. L's medical impairments and the RFC, and the decision is supported by substantial evidence. (*See* Dkt. 15.)

## I.    Past Relevant Work Characterization

Mr. L argues that the ALJ incorrectly classified his past work as a cabinet assembler as "light" work instead of a higher exertion level. (*See* Dkt. 13, at 3.) Regardless of classification, the ALJ determined that Mr. L is unable to perform past relevant work. (Admin. R. at 20.) This finding favors Mr. L and is aligned with his position, making it unclear as to how any possible misclassification could support a reversal of the ALJ's findings. (*See* Dkt. 13, at 14 ("[Mr. L] has met his burden at the fourth step of the sequential

evaluation by showing that his impairments prevent him from returning to any past relevant work."). This argument does not provide a basis for remand.

## II.    Substantial Evidence

Mr. L argues that ALJ's RFC determination is not supported by substantial evidence. He specifically contends that the ALJ improperly labeled his work capacity as "medium," minimized his suicidal and homicidal ideations, and ignored disabling additional mental and physical health diagnoses, like his degenerative disc disease and his other diagnoses of major depressive disorder, anxiety disorder, cognitive deficit in concentration, borderline personality style, scleritis, and migraines. (Dkt. 13, at 5-9.) The Court disagrees.

The record establishes that the ALJ considered Mr. L's subjective reports of suicidal and homicidal ideations along with relevant medical records and treating his physician's reports, as was his obligation. (Admin. R. at 16-17.) He also considered Mr. L's depression and anxiety. (*Id.* at 17-18.) Although the ALJ did not specifically discuss Mr. L's stated cognitive deficit in concentration and borderline personality style, he was not required to do so. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."); *see also McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ("The Court 'review[s] the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but [does] not require an ALJ to mechanically list and reject every possible limitation.'"). Moreover, the record is unclear as to whether Mr. L was formally diagnosed with those

6

conditions given that they are only mentioned in two brief treatment notes. (Admin. R. at 105, 117.)

The ALJ similarly considered Mr. L's scleritis and migraine diagnoses in forming the RFC. (*Id.* at 18-19.) He based his decision on Mr. L's subjective complaints, the medical records, and physician observations. (*Id.* at 19-20.) Based on a review of the underlying medical data, the Court concludes that ALJ's determination is supported by substantial evidence. *See Noerper v. Saul*, 964 F.3d 738, 744-45 (8th Cir. 2020) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)) (The RFC should be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations"). Mr. L essentially asks the Court to reweigh the evidence relied on by the ALJ. The Court is precluded from doing so. *Kraus*, 988 F.3d at 1024.

Mr. L relatedly argues that the ALJ did not base his decision on a full and fair record because he failed to call a medical expert to testify about Mr. L's mental health diagnoses. (Dkt. 13, at 13-14.) The Court is mindful that ALJ's have an obligation "to develop the record fairly and fully, independent of the claimant's burden to press his case." *Combs v. Berryhill*, 878 F.3d 642, at 646 (8th Cir. 2017). But the court is aware of no authority requiring an ALJ to secure a witness when the claimant could have called his treating physicians to testify. Mr. L and his counsel could have done so here but did not. Furthermore, the record appears to contain all relevant medical records and physician observations, which undercuts the argument that the ALJ was required to call a medical expert. This aspect of his claim also fails.

### III.    Hypothetical Questions

Mr. L lastly argues that the ALJ's hypothetical questions to the VE did not comprehensively describe his ability to function in a work setting.  (Dkt. 15, at 14.)  The Court again disagrees.

An ALJ's "hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole."  *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (quoting *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996)); *see also Totz v. Sullivan*, 961 F.2d 727, 730 (8th Cir. 1992) ("It is well settled that the hypothetical question posed to a vocational expert must fully set forth a claimant's impairments.").  The hypothetical must incorporate the "concrete consequences" of the impairment.  *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (quoting *Roe v. Chater*, 92 F.3d 672, 676–77 (8th Cir.1996)).  If a hypothetical question posed to a vocational expert incorporates an RFC determination that is supported by substantial evidence, it is proper.  *Id.*

As already noted, the RFC is based on substantial evidence.  The question is whether the ALJ's hypothetical questions included the RFC's determination.  A review of the hearing transcript established that the ALJ's questions to the VE were grounded in the RFC.  (Admin. R. at 88-92.)  This challenge to the ALJ's decision also fails.

### CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Mr. L's request for relief (Dkt. 13) is **DENIED**;

2.    The Commissioner's request for relief (Dkt. 15) is **GRANTED**; and

8

3.      This matter is **DISMISSED**.

**LET JUDGMENT  BE ENTERED  ACCORDINGLY.**


Dated: August 11, 2026                           *s/ Shannon G. Elkins*
                                                 SHANNON  G. ELKINS
                                                 United States Magistrate Judge